**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1976-22

BENEFICIAL NEW JERSEY,
INC., d/b/a BENEFICIAL
MORTGAGE COMPANY,

     Plaintiff-Respondent,

v.

NORBERTO JOHN DIAZ,
a/k/a NORBERTO DIAZ,

     Defendant-Appellant,

and

MARCIA V.B. MARQUES,

     Defendant.

_____

Submitted February 13, 2024 – Decided March 14, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-028256-09.

Norberto John Diaz, appellant pro se.

McCabe, Weisberg & Conway, LLC, attorneys for respondent (James A. French, of counsel and on the brief).

PER CURIAM

Defendant Norberto John Diaz appeals from the Chancery Division's February 17, 2023 order denying his motion to set aside a sheriff's sale pursuant to Rule 4:65-5. We affirm, substantially for the reasons set forth by Judge Mary K. Costello in her cogent oral decision on the record.

On December 20, 2005, defendant executed and delivered a promissory note and mortgage in the amount of $402,297.23 in favor of plaintiff Beneficial New Jersey, Inc., d/b/a Beneficial Mortgage Company, and secured against a residential property in Kearny. The mortgage was recorded on January 6, 2006. On November 27, 2008, defendant defaulted on the mortgage payments and subsequently failed to cure the default.

On May 29, 2009, plaintiff filed a foreclosure action against defendant, who was personally served with the complaint but did not file an answer. Default judgment was entered on December 9, 2009, followed by final judgment in foreclosure, which was granted on December 13, 2010.

On September 29, 2021, defendant filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, which resulted in an

automatic stay of the final judgment.  See 11 U.S.C. § 362(a)(2).  On August 4, 2022, the bankruptcy court granted the secured creditor[1] relief from the automatic stay against the property.  On October 13, 2022, the court granted plaintiff's request for a pluries writ of execution against the property.

On November 17, 2022, the Hudson County Sheriff's Office scheduled the sale of the property for January 19, 2023.  At the sale, the property was conveyed by sheriff's deed to plaintiff, which had submitted the winning bid of $365,000. The deed was recorded on April 25, 2023.

On January 23, 2023, defendant filed a motion to vacate the sheriff sale, asserting his bankruptcy case was still active, the sheriff's sale did not raise the judgment amount of $458,941.39, and the sale must be set aside due to negligence and mistake.  Argument was scheduled for February 17, 2023. Defendant was advised of the argument date via electronic notice on eCourts, through which defendant had previously filed his documents.

On February 17, 2023, Judge Costello heard argument on the motion. Defendant did not appear, request an adjournment, or notify chambers' staff of any difficulties calling in.  The court was unable to contact defendant

---

[1]  Although the movant in bankruptcy court was U.S. Bank Trust National Association, we presume plaintiff is one of its "successors and assigns" to which the order applied.

telephonically because he did not include his phone number in his motion. The court summarized defendant's position as she gleaned from his motion papers:

> So the [d]efendant . . . filed this motion to set aside the foreclosure sale, which was held last month on January 19[], 2023.
>
> The entire dispute arises from a foreclosure action . . . where final judgment was granted in favor of [plaintiff] in the amount of $458,941.39.
>
> It is reported by [defendant] . . . that the sheriff's sale "did not raise or achieve the highest and best price for the property."
>
> [Defendant] argues that the sale itself was violative of the automatic bankruptcy stay because [defendant] insists he has an active and open personal bankruptcy matter in front of the U.S. Bankruptcy Court, and that the sheriff's sale should be set aside because of the negligence and mistake of proceeding with the sale by the servicer.
>
> [Defendant] argues in his papers that the servicer . . . in connection with or in concert with the [p]laintiff's attorney's firm . . . violated the stay issued in his bankruptcy case . . . in . . . that [the] matter remains active and that federal law requires not only the automatic stay being honored, but there was written notice sent on January 14[], 2023, which was also ignored or not given credence by the [p]laintiff's servicer. Due to this, [defendant] feels the sheriff's sale must and should be set aside.

The judge noted defendant executed and delivered a note and mortgage against the property, fell into default three years later, and failed to cure the

4

default. She found defendant was served with the complaint in foreclosure and failed to answer, which resulted in the entry of default and then final judgment and foreclosure.

The judge also found defendant filed the Chapter 13 bankruptcy petition almost eleven years later and, on August 4, 2022, "the [b]ankruptcy [c]ourt granted secured creditor relief from the automatic stay against th[e] property, thereby removing any bankruptcy-related stay against the property." At the sheriff's sale, plaintiff submitted the prevailing bid. The judge found plaintiff had obtained relief from the stay "before going to sale and, therefore, there was nothing improper about it."

The judge also addressed defendant's contention the purchase price was inadequate. Citing First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999), the judge found "on its own, the price that [a property] fetches in an otherwise viable auction or public sale is not in and of itself grounds to set aside the sale."

This appeal follows, wherein defendant contends the trial court failed to provide adequate findings of fact and conclusions of law to support its decision. We disagree.

A-1976-22

An appellate court reviews an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

It is well-settled that the court has the authority to set aside a sheriff's sale and order a resale of the property. First Tr. Nat'l Ass'n, 319 N.J. Super. at 49. "[T]he exercise of this power is discretionary and must be based on considerations of equity and justice." Ibid. "[A] judicial sale may be set aside 'by reasons of fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, and so on.'" Ibid. (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)). An appellate court accords deference to such decisions in the absence of "a misconception of the applicable law." O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997).

Having considered defendant's contentions in light of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). Accordingly, we affirm for the reasons set forth by Judge Costello in her well-reasoned decision.

6

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1976-22